UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re Petition of
    CAROLE FERSTENBERG SAUSER,
                                      Petitioner,

pursuant to 28 U.S.C. §1782 to issue subpoenas upon MORGAN STANLEY & CO. LLC, MORGAN STANLEY INVESTMENT MANAGEMENT, INC., TOWERBROOK CAPITAL PARTNERS, L.P., and TOWERBROOK INVESTOR II EXECUTIVE FUND L.P. for production of documents for use in a foreign action.

Civil Action No. _____

---

## PETITION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
## TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

Petitioner CAROLE FERSTENBERG SAUSER ("Petitioner"), based upon the concurrently filed Memorandum of Law and supporting Declaration, and pursuant to 28 U.S.C. § 1782 and Federal Rules of Civil Procedure 26, 30, and 45, respectfully applies to this Court for an Order authorizing her to serve the subpoenas attached hereto as Exhibits "F", "G", "H", and "I" upon MORGAN STANLEY & CO. LLC, MORGAN STANLEY INVESTMENT MANAGEMENT, INC., TOWERBROOK CAPITAL PARTNERS, L.P., and TOWERBROOK INVESTOR II EXECUTIVE FUND L.P. (collectively, "Respondents"), respectively. Respondents have offices in this district, and the subpoenas direct them to produce documents for use in a pending proceeding outside the United States.

This Petition meets all of the statutory requirements under 28 U.S.C. § 1782 and all of the discretionary factors considered thereunder. Petitioner is a party plaintiff in the pending proceeding outside the United States and seeks discovery for the purpose of using it in that proceeding. Respondents are not parties to the pending proceeding and are located in this district. Petitioner is not using this proceeding as an attempt to circumvent the requirements of any foreign tribunal.

Finally, the discovery sought is highly relevant to the pending proceeding outside the United States, and is neither unduly burdensome nor intrusive. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 262-65 (2004). In support of these and other points of fact, Petitioner relies on the accompanying Memorandum of Law and the Declaration of Alan E. Sash.

Section 1782 applications are typically "received and appropriate action taken…*ex parte*," with any privilege issues raised and resolved through a motion to quash made after a subpoena has been authorized. *In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976) (emphasis added); *see also In re Application of Gemeinschaftpraxis Dr. Med. Schottdorf*, 2006 WL 3844464 (S.D.N.Y. Dec. 29, 2006) (denying motion to quash subpoena granted in *ex parte* application for discovery under 28 U.S.C. § 1782); *In re Application of Hill*, 2005 WL 1330769 (S.D.N.Y. June 2, 2005) (same).

WHEREFORE, Petitioner respectfully requests that this Court enter an Order:

(a)   Granting the Petition for discovery from Respondents pursuant to 28 U.S.C. § 1782;

(b)   Authorizing Petitioner to take discovery from Respondents relating to the issues identified in this Petition, including:

    (i)   issuing the subpoenas for the production of documents from Respondents in the forms attached to the Petition as Exhibits "F"-"I";

    (ii)   issuing additional subpoenas for the production of documents and/or additional depositions of Respondents as Petitioner may reasonably deem appropriate and as are consistent with the Federal Rules of Civil Procedure;

(c)   Directing Respondents to comply with such subpoenas in accordance with the Federal Rules of Civil Procedure and the Rules of this Court; and

(d)     Appointing the undersigned counsel for Petitioner or his agent to issue, sign, and serve subpoenas upon Respondents.

Dated: June 6, 2018
       New York, New York

Respectfully Submitted,

Janet C. Neschis
Alan E. Sash
McLaughlin & Stern, LLP
260 Madison Avenue
New York, New York 10016
(212) 448-1100

*Attorneys for Petitioner*